**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:12-CV-00194-JHM**

**ROGER L. SMITH**                                                                           **PLAINTIFF**

**V.**

**COMMONWEALTH GENERAL CORPORATION**                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Plaintiff, Roger L. Smith, to remand the present action to the Jefferson Circuit Court pursuant to 28 U.S.C. § 1447(c) and for costs [DN 10] and on a motion by Defendant, Commonwealth General Corporation, to dismiss the Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) [DN 6]. These matters are now ripe for decision.

**I. BACKGROUND**

Plaintiff, Roger L. Smith, was employed by Defendant, Commonwealth General Corporation. Commonwealth General Corporation merged with AEGON. As a result of the merger, Commonwealth approached Plaintiff and offered him additional compensation if he agreed to remain employed with Commonwealth until the merger was complete. On January 16, 1999, Plaintiff agreed to accept Commonwealth's offer. The terms of the agreement are reflected in the Voluntary Employee Retention and Retirement Program ("VERRP").[1] The VERRP was created "to provide special benefits to eligible Louisville employees whose positions are eliminated during the period from September 8, 1997 to February 29, 2000, as a result of the merger of the operations of the Participating Divisions of [Commonwealth] with AEGON." (DN 1-6, at 4.) Effective January 1,

---

[1] The VERRP was adopted and approved by the Board of Directors of Commonwealth General Corporation in October of 1997 and on September 8, 1998, the Board amended the Commonwealth General Corporation Retirement Plan to set forth the provisions of VERRP.

2000, the Commonwealth General Corporation Retirement Plan and the AEGON USA Pension Plan were integrated. (See DN 15-1 at 000640; DN 1-2 at 100.) Under the terms of the VERRP, Plaintiff's termination date was effective February 29, 2000. According to Plaintiff, in addition to a lump sum amount, Commonwealth agreed to pay Smith $2,189.51 per month until he attained age 62 and to then pay him $2,001.63 per month thereafter. Plaintiff alleges that Defendant breached the VERRP by reducing Plaintiff's compensation from $2,189.51 to $972.60 in August of 2011 and terminating the monthly compensation all together in September of 2011.

As a result, on March 28, 2012, Plaintiff filed an action in the Jefferson Circuit Court alleging claims for breach of contract, estoppel, good faith and fair dealing, and violations of Kentucky Wage and Hour laws. Plaintiff alleges that he is entitled to receive monthly compensation in the amount of $2,189.51 pursuant to the VERRP. On April 12, 2012, Defendant removed this action from the Jefferson Circuit Court to this Court claiming that the action is based upon the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. Defendant maintains that while Plaintiff's complaint did not expressly reference ERISA, the causes of action asserted in the complaint clearly involve ERISA plans, are completely pre-empted by ERISA, and are properly removable under 29 U.S.C. § 1441(a).

Four days after removing the case here, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) arguing that the Plan's forum selection clauses and applicable case law defeat Plaintiff's efforts to litigate in Kentucky and that all Plaintiff's claims under Kentucky state law are pre-empted by ERISA, and that Plaintiff sued the wrong party. On May 8, 2012, Plaintiff filed a motion to remand the case to the Jefferson Circuit Court. The Court will first address the Plaintiff's motion to remand.

## II.  MOTION TO REMAND

Plaintiff filed this motion to remand the case to state court arguing that this Court lacks subject matter jurisdiction.  Plaintiff maintains that the complaint alleges only state law breach of contract claims against the Defendant.   Plaintiff argues that he is not seeking to enforce rights, to recover benefits, or to clarify rights under ERISA.  Plaintiff contends that the VERRP is an employment contract/severance agreement and is not an ERISA plan and, as a result, the case should be remanded to state court.  Defendant disagrees arguing that the VERRP is an ERISA employee pension benefit plan.  Defendant maintains that because Plaintiff's complaint asserts breach of contract and wage and hour claims seeking to recover VERRP benefits under the plan, Plaintiff's claims are completely pre-empted by ERISA.  Defendant contends that it properly removed Plaintiff's claims to federal court, and therefore, Plaintiff's motion to remand should be denied.

### A.  Standard of Review

Removal to federal court from state court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  In determining whether an action is removable under § 1441, courts apply the "well-pleaded complaint rule." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).  Under the well-pleaded complaint rule, federal jurisdiction exists only when an issue of federal law appears on the face of the complaint.  Id.  See also Husvar v. Rapoport, 430 F.3d 777, 781 (6th Cir. 2005); Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987).  "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co., 481 U.S. at 63-64.  Thus, "if there is complete pre-emption,

then the state law complaint is converted to one arising under federal law and satisfying the well-pleaded complaint rule." Harvey v. Life Insurance Co. of North America, 404 F. Supp. 2d 969, 973 (E.D. Ky. 2005)(citing Caterpillar, 482 U.S. at 393). See also Roddy v. Grand Trunk Western Railroad, Inc., 395 F.3d 318, 323 (6th Cir. 2005). The Defendant bears the burden of proving Plaintiff's claims are pre-empted by ERISA.

Under ERISA, "[a] claim is *completely* pre-empted . . . if the state law claim could be brought pursuant to ERISA's enforcement provision, [29 U.S.C.] § 1132(a)(1)(B)." Harvey, 404 F. Supp. 2d at 973 (citing Metropolitan Life Ins. Co., 481 U.S. at 65-67). Therefore, in order to be subject to complete pre-emption, and properly removable to federal court, the state law claim must be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," as provided in § 1132(a)(1)(B). See id.; Husvar, 430 F.3d at 781; Warner v. Ford Motor Co., 46 F.3d 531, 534 (6th Cir. 1995); Ackerman v. Fortis Benefits Ins. Co., 254 F. Supp. 2d 792, 813 (S.D. Ohio 2003).[2]

---

[2] It is important to note the difference between complete pre-emption and traditional (also known as "conflict") preemption. "Complete preemption that supports removal and [traditional] preemption are two distinct concepts." Roddy, 395 F.3d at 323; Warner v. Ford Motor Co., 46 F.3d 531, 535 (6th Cir. 1995); Harvey, 404 F. Supp. 2d at 973. As discussed above, complete pre-emption "is a jurisdictional doctrine that is a narrow exception to the well-pleaded complaint rule," and if satisfied, provides the basis for removal to federal court. Huisjack v. Medco Health Solutions, Inc., 492 F. Supp. 2d 839, 848 (S.D. Ohio 2007).

In contrast, under traditional pre-emption, "state laws that conflict with federal laws are preempted, and preemption is then properly asserted as a federal defense to a state court action." Id. However, "[t]he fact that there is a [traditional] pre-emption defense, by itself, does not transform a state action to a federal action for purposes of subject matter jurisdiction." Harvey, 404 F. Supp.2d at 973. See also Husvar, 430 F.3d at 781 (Traditional preemption "does not alone necessarily authorize removal to federal court."). Only complete pre-emption provides a basis for removal.

4

### B. Discussion

In determining whether removal of the Plaintiff's claims to federal court is proper, the Court must determine first whether the VERRP is an ERISA plan and second whether the Plaintiff is asserting claims for ERISA plan benefits.

### 1. ERISA Plan

ERISA defines an "employee benefit plan" as an "employee welfare benefit plan or an employee pension benefit plan or a plan which is both." 29 U.S.C.§ 1002(3). An "employee welfare benefit plan" is "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants . . . (A) . . . benefits in the event of . . . unemployment . . . or (B) any benefit described in section 186(c) of this title." 29 U.S.C. § 1002(1). An "employee pension benefit plan is "any plan, fund, or program . . . established or maintained by an employer" which "(i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond, regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan." 29 U.S.C. § 1002(2)(A).

The "existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding circumstances and facts from the point of view of a reasonable person." <u>Thompson v. American Home Assurance Co.</u>, 95 F.3d 429, 434 (6th Cir.1996). The Sixth Circuit has articulated the following three-part test for determining whether an ERISA benefits plan exists:

> First, the court must apply the so-called "safe harbor" regulations established by the Department of Labor to determine whether the program was exempt from ERISA. . . . Second, the court must look to see if there was a "plan" by inquiring whether "from the surrounding circumstances a reasonable person [could] ascertain the

>intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits." . . . Finally, the court must ask whether the employer "established or maintained" the plan with the intent of providing benefits to its employees.

See Thompson, 95 F.3d at 434–35(citing International Resources, Inc. v. New York Life Ins. Co., 950 F.2d 294, 297 (6th Cir.1991)); DuBrul v. Citrosuco North America, Inc., 2012 WL 3811942, * 7 (S.D. Ohio Sept. 4, 2012).

Plaintiff maintains that the VERRP is actually an employment severance agreement and is not an ERISA plan subject to complete preemption. Plaintiff does not address the VERRP under the standard set forth in Thompson, but instead under a two factor test for determining if a severance agreement plan qualifies as an ERISA plan set forth in Cassidy v. Akzo Nobel Salt, Inc., 308 F.3d 613, 615 (6th Cir. 2002).

*a. Severance Agreement*

ERISA defines an "employee welfare benefit plan" as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants . . . (A) . . . benefits in the event of . . . unemployment . . . or (B) any benefit described in section 186(c) of this title." 29 U.S.C. § 1002(1). Severance plans are included in the definition of 29 U.S.C. § 1002(1). Cassidy, 308 F.3d at 615; Shahid v. Ford Motor Co., 76 F.3d 1404, 1409 (6th Cir. 1996). However, the Sixth Circuit has held that not all severance pay plans are ERISA plans. Cassidy, 308 F.3d at 615. The Sixth Circuit examines the nature of the plan to distinguish ERISA from non-ERISA plans. Cassidy, 308 F.3d at 615.

"The hallmark of an ERISA benefit plan is that it requires 'an ongoing administrative program to meet the employer's obligation.'" Swinney v. General Motors Corp., 46 F.3d 512, 517 (6th Cir. 1995)(quoting Fort Halifax Packing Co., Inc.. v. Coyne, 482 U.S. 1, 11 (1987)). See also

Cassidy, 308 F.3d at 616. "Although the Thompson three part test is normally used to determine if there is an ERISA benefits plan," the Sixth Circuit utilizes two particular factors to determine whether a severance agreement plan falls under ERISA: "1) whether the employer has discretion over the distribution of benefits, and 2) whether there are on-going demands on an employer's assets." Kolkowski v. Goodrich Corp., 448 F.3d 843, 848 (6th Cir. 2006).

In examining the first factor, the Sixth Circuit has held that " [p]lans in which benefits are predetermined or which involve simple or mechanical determinations have been found not to be ERISA plans." Kolkowski, 448 F.3d at 848 (quoting Cassidy, 308 F.3d at 614). "On the other hand, if to determine benefits the employer must analyze each employee's particular circumstances in light of the appropriate criteria, the severance plan is probably an ERISA plan." Id.; see also Sherrod v. General Motors Corp., 33 F.3d 636, 638 (6th Cir. 1994) (internal quotations and citations omitted.) With respect to the second factor, a severance benefit plan which provides for a "one-time, lump-sum payment triggered by a single event requires no administrative scheme whatsoever to meet the employer's obligation" and is not a benefit plan within the scope of ERISA. Fort Halifax, 482 U.S. at 12 (one-time severance payment to employees in the event plant closed was not protected benefit plan under ERISA). However, a severance plan may be an ERISA plan if the employer "'assumes . . . responsibility to pay benefits on a regular basis, and thus faces . . . periodic demands on its assets that create a need for financial coordination and control.'" Cassidy, 308 F.3d at 616 (quoting Fort Halifax, 482 U.S. at 12).

After a review of the VERRP and the relevant factors discussed above, the Court concludes that the VERRP constitutes an "employee welfare benefit plan" under ERISA. The VERRP "reveals a degree of discretion, periodic demands on assets, and an administrative burden that ERISA's

definition contemplates." Cassidy, 308 F.3d at 616.

First, the Court concludes that administration of the VERRP benefits involve the required discretion to fall under ERISA. Under VERRP, the administrator must determine whether the employee meets the eligibility and participation requirements to qualify for the VERRP benefits. Specifically, the administrator retains the authority to determine whether the employee was an active, regular, full-time employee during the time period in question, whether the employee was continually employed by a Participating Division of Commonwealth, and whether the employee has been eliminated as a result of the merger. (Plan, B-2, B-10, DN 1-2.) Thus, the administrator must analyze each employee's particular circumstance in light of the criteria set forth in the plan to determine the employee's eligibility for and level of benefits. Additionally, calculation of the VERRP benefit goes beyond a mere "simple, mechanical function." Kolkowski, 448 F.3d at 848-49.

Second, to satisfy the second factor, Plaintiff must allege facts that plausibly could show that Commonwealth and AEGON assumed "'responsibility to pay benefits on a regular basis, and thus faces . . . periodic demands on its assets that create a need for financial coordination and control.'" Cassidy, 308 F.3d at 616 (quoting Fort Halifax, 482 U.S. at 12). See also DuBrul, 2012 WL 3811942, *15. The second prong is satisfied in this case. The VERRP requires the ongoing involvement of AEGON in the payment of the monthly retirement benefits in question, in addition to the potential lump sum payment. Furthermore, the fact that the VERRP permits payment of VERRP benefits in the form of a lump sum or a monthly retirement benefit does not remove the plan from classification as an ERISA benefit plan. The Court sees "no reason to conclude that the right to pay benefits in lump-sum form takes [the] plan outside of ERISA coverage." Tischmann v. ITT/Sheraton Corp., 145 F.3d 561, 567 (2d Cir. 1998) (citing Fort Halifax, 482 U.S. at 14 n.9). See

also Kolkowski, 448 F.3d at 849-50. Thus, the Court finds that the on-going demands on AEGON's assets exist under the terms of the VERRP .

Finally, the Court rejects Plaintiff argument that because the VERRP only places an on-going demand on AEGON's assets, as opposed to Commonwealth's assets, it does not satisfy this factor. The record reflects that as of January 1, 2000, the Commonwealth General Retirement Plan merged with the AEGON USA Pension Plan placing the burden upon AEGON to fund the VERRP benefits in question.

For these reasons, the Court concludes that the VERRP qualifies as an ERISA benefit plan under the standard set forth in Cassidy.

### b. AEGON USA Pension Plan

As discussed above, VERRP is a voluntary employee retention and retirement program which provides special benefits to eligible participants who worked at Commonwealth and agreed to remain with the company pending completion of its merger with AEGON. In January of 2000, the Commonwealth General Corporation Retirement Plan and the AEGON USA Pension Plan were integrated. Thus, the VERRP benefits in question were paid to Plaintiff for 11 years pursuant to the terms of the AEGON USA Pension Plan. While the Court has considered the VERRP as if it were a separate severance agreement, it would appear from an examination of record that the VERRP is actually a part of the AEGON USA Pension Plan. (DN 15-1 at 000640; DN 1-2 AEGON USA Pension Plan, Exhibit B.)

Plaintiff does not challenge the classification of AEGON USA Pension Plan as an employee pension benefit plan. See 29 U.S.C. § 1002(2)(A). The plan defines the intended benefits, the class of beneficiaries and provides a claims procedure for receiving benefits. See Williams v. WCI Steel

Co., Inc., 170 F.3d 598, 602-603 (6th Cir. 1999)(discussing factors to examine to determine if a plan is an "employee pension benefit plans"); Hughes v. White, 467 F. Supp. 2d 791, 801 (S.D. Ohio. 2006), aff'd, 298 Fed. Appx. 404 (6th Cir. 2008).   Additionally, the Plan specifically indicates that the "Plan will be governed by and construed according to the federal laws governing employee benefit plans qualified under the Code and ERISA . . . ." (Plan §15.12, DN 1-2.)

Upon a review of the VERRP, the AEGON USA Pension Plan, and the case law cited above, the Court finds that the VERRP is an "employee benefit plan" governed by ERISA. 29 U.S.C. § 1002(3).

### 2. Recovery of Benefits under the Plan

Having determined the VERRP is an ERISA plan, the Court must determine whether Plaintiff is asserting claims for recovery of ERISA plan benefits.  Plaintiff argues that he has only alleged state court breach of contract claims against the Defendant to recover damages for a breach of the contractual severance agreement.  Plaintiff contends that he is not seeking to enforce rights, to recover benefits, or to clarify rights under ERISA. The Plaintiff's complaint belies this argument. Plaintiff alleges that the VERRP constitutes a contract between Plaintiff and Defendant. (Complaint at ¶ 22.)  Plaintiff avers that "[b]y arbitrarily reducing Mr. Smith's agreed monthly compensation, CGC has breached the terms of the VERRP." (Id. at ¶ 23.)  Plaintiff seeks payment of the VERRP enhanced compensation benefits in the amount of $2,189.51 per month until he attains the age of 62 and then $2,001.63 per month thereafter.   In fact, all Plaintiff's state law claims seek to either enforce rights, recover benefits, or to clarify rights under the terms of the VERRP.  As recognized by the Sixth Circuit, "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit."

Peters v. Lincoln Elec. Co., 285 F.3d 456, 469 (6th Cir. 2002). Clearly, the claims asserted by Plaintiff are for the recovery of ERISA plan benefits.

For these reasons, the Court finds that Plaintiff's claims are completely pre-empted by ERISA under 29 U.S.C. § 1132(a)(1)(B) and removal was proper under 28 U.S.C. § 1441(b).

### III. MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) arguing that (1) AEGON USA Pension Plan's forum selection clause requires dismissal, (2) Plaintiff's claims under Kentucky state law are preempted by ERISA under 29 U.S.C. § 1144(a), and (3) Plaintiff sued the wrong party. In the alternative, Defendant moves to strike Plaintiff's request for a jury trial.

### A. Standard of Review

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true," League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007), and determine whether the "complaint states a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere

11

possibility of misconduct. . . ." Id. at 678, 679.  Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B.  Discussion

In the Sixth Circuit, an employer is not a proper party defendant in an ERISA action to recover benefits unless the plaintiff demonstrates that the employer controlled the administration of the plan. Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988)("Unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits."). See also Gore v. El Paso Energy Corp. Long Term Disability Plan, 477 F.3d 833, 842 (6th Cir. 2007); Starling v. Starling, 2009 WL 3628014 (E.D. Mich. 2009).  The Plaintiff has not alleged in the complaint or argued in response to the motion to dismiss that Commonwealth is the plan administrator, took an active part in the administration of the plan, or had any control whatsoever over the plan.  Instead, under the plan, the Pension Committee is solely responsible for deciding benefit claims and appeals. (Plan § 9.2, § 9.8.) The Pension Committee is defined as "the committee of individuals appointed by the Board [of Directors of AEGON USA] to be responsible for the operations and administration of the Plan in accordance with the provisions of Section 9" of the plan.  Given that Commonwealth is neither the plan nor the plan administrator, Plaintiff's ERISA claim for recovery of benefits against it must fail as a matter of law.

### IV.  CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that the Plaintiff's motion to remand the case to the Jefferson Circuit Court and for costs [DN 10] is **denied** and Defendant's motion to dismiss the complaint [DN 6] is **granted**. A Judgment will be entered consistent with this Opinion.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

September 18, 2012